IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION



FILED
JOHN P. HEHMAN
CLERK

2013 DEC -5  PM 3: 19

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES OF AMERICA

v.

Case No: 2:13-cr-270

JUDGE FROST

JERMONTE M. FLETCHER
    aka Chin
    aka Beans
(Counts 1, 5-8, 10-22, 24-51)

ANTONIO M. HARRIS
    aka Fat Tone
(Counts 1, 28)

FREDDIE K. JOHNSON JR.
    aka Freeze Pop
(Count 1)

MARVIN M. DEAN SPENCER
    aka Marv
(Counts 1, 23, 25)

BYRON J. TRUSS
  (Counts 1-4, 9, 14, 39, 52-78)

WAYNE C. COFFMAN
    aka Carvell
(Counts 1, 26)

TIMOTHY M. GREEN
    aka Timmo
(Counts 1, 29, 30)

ASIA D. WILLIAMS
(Counts 1, 17, 31)

18 U.S.C. §2
18 U.S.C. §922(g)(1)
18 U.S.C. §924(a)(2)
18 U.S.C. §924(c)(1)(A)
18 U.S.C. §924(d)(1)
18 U.S.C. §1952
18 U.S.C. §1956(h)
18 U.S.C. §1957
21 U.S.C. §841(a)(1)
21 U.S.C. §841(b)(1)(A)
21 U.S.C. §841(b)(1)(B)
21 U.S.C. §841(b)(1)(C)
21 U.S.C. §841(b)(1)(D)
21 U.S.C. §843(b)
21 U.S.C. §846
21 U.S.C. §853(a)(1)
21 U.S.C. §853(a)(2)

**WAYNE C. HAMLER**
(Counts 1, 33)

**CHINA M. HESTER**
(Counts 1, 32)

**LATASHA R. MADISON**
      aka Tasha
(Counts 1, 10, 11, 13, 19, 38)

**ALANNA S. POORE**
(Counts 1, 7, 20)

**ASIA A. MCCALL**
(Counts 1, 5)

**LUTRICIA D. FLETCHER-RIPPY**
(Counts 1, 22, 40, 41)

**DWAYNE A. STEWART**
(Counts 1, 24)

**JASON N. BARNES**
      aka J
(Counts 1, 27)

**BYRON L. BANKS  JR.**
      aka Little Byron
(Counts 1, 37)

**JOEL J. BROWN**
      aka Bunta
(Counts 1, 15, 16, 34)

**GARY R. MARTIN II**
      aka Bubba
(Counts 1, 14-16, 35)

**LISA B. MARTIN**
(Counts 1, 36)

DERRICK A. BROWNING
    aka Duke
(Counts 1, 14)

**I N D I C T M E N T**

**THE GRAND JURY CHARGES:**

**COUNT 1**
**(Conspiracy to distribute and to possess with intent to distribute**
**cocaine, heroin, oxycodone, cocaine base and marijuana)**

Beginning on or about January 1, 2011 and continuing to and including December 5, 2013, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER, aka Chin, aka Beans; ANTONIO M. HARRIS, aka Fat Tone; FREDDIE K. JOHNSON JR., aka Freeze Pop; MARVIN M. DEAN SPENCER, aka Marv; BYRON J. TRUSS; WAYNE C. COFFMAN, aka Carvell; TIMOTHY M. GREEN, aka Timmo; ASIA D. WILLIAMS; WAYNE C. HAMLER; CHINA M. HESTER; LATASHA R. MADISON, aka Tasha; ALANNA S. POORE; ASIA A. MCCALL; LUTRICIA D. FLETCHER-RIPPY; DWAYNE A. STEWART; JASON N. BARNES, aka J; BYRON L. BANKS JR., aka Little Byron; JOEL J. BROWN, aka Bunta; GARY R. MARTIN II, aka Bubba; LISA B. MARTIN; DERRICK A. BROWNING, aka Duke;** did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and with others, both known and unknown to the Grand Jury, to distribute and to possess with intent to distribute a mixture or substance containing detectable amounts of cocaine, heroin, oxycodone, and 280 grams or more of cocaine base, Schedule II a controlled substance; and a mixture or substance containing a detectable amount marijuana, a Schedule I

3

controlled substance in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §§841(b)(1)(A), 841(b)(1)(C) and 841(b)(1)(D).

It was part of the conspiracy to recruit individuals to sell controlled substances throughout the State of Ohio and elsewhere in an effort to increase their distribution base.

It was further part of the conspiracy to deliver controlled substances throughout the State of Ohio and elsewhere in an effort to increase their distribution base.

It was further part of the conspiracy to "front' or provide controlled substance on consignment to trusted street level distributors.

It was further part of the conspiracy to transfer or deliver US currency to pay for the controlled substances.

It was further part of the conspiracy to supply distributors with firearms to protect the distributors, the controlled substance and proceeds from potential robberies.

It was further part of the conspiracy to place firearms in strategic locations throughout various locations, to intimidate potential robbers and to protect the controlled substances and proceeds stored at various locations.

It was further part of the conspiracy to utilize mobile phones and other communication devices to discuss the sale, storage, distribution, manufacture, proceeds and protection of controlled substances.

It was further part of the conspiracy to utilize code words when discussing the sale, storage, distribution, manufacture, proceeds and protection of controlled substances.

It was further part of the conspiracy to cook cocaine into cocaine base "crack" and package and weigh controlled substances for distribution.

4

It was further part of the conspiracy to clean out or clear locations of controlled substances, firearms, cash proceeds and items used to manufacture or package controlled substances when alerted that law enforcement was likely to search these locations.

It was further part of the conspiracy to torture and threaten individuals with serious physical harm who were perceived as owing money or controlled substances to members of the conspiracy.

It was further part of the conspiracy to threaten individuals who were seen as potential witnesses against members of the conspiracy.

In violation of 21 U.S.C. §846.

## COUNT 2
**(Possession with intent to distribute marijuana)**

On or about January 30, 2013, in the Southern District of Ohio, defendant, **BYRON J. TRUSS,** did knowingly and intentionally unlawfully possess with intent to distribute a mixture or substance containing a detectable of marijuana, a Schedule I controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(D) and 18 U.S.C. §2.

## COUNT 3
**(Possession of a firearm – drug trafficking)**

On or about May 23, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowingly possess one or more firearms, that is, Taurus, .38 cal. Pistol, serial # QF87362, in furtherance of a drug trafficking crime, for which he may be prosecuted in a Court of the United States, conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§841(a)(1) and 846.

In violation of 18 U.S.C. §§924(c)(1)(A) and 18 U.S.C. §2.

## COUNT 4
### (Possession of a firearm – convicted felon)

On or about May 23, 2013 in the Southern District of Ohio, the defendant, **BYRON J. TRUSS**, who had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is on or about September 19, 2002, in the Court of Common Pleas of Franklin County, Ohio, case number 02CR-886, for the offense of involuntary manslaughter; did knowingly possess, in or affecting commerce, a firearm, that is, Taurus, .38 cal. Pistol, serial # QF87362.

In violation of 18 U.S.C. §922(g)(1) and §924(a)(2).

## COUNT 5
### (Possession with intent to distribute cocaine)

On or about June 4, 2013, in the Southern District of Ohio, defendants, **JERMONTE M. FLETCHER and ASIA A. McCALL,** did knowingly and intentionally unlawfully possess with intent to distribute a mixture or substance containing a detectable of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2.

## COUNT 6
### (Possession with intent to distribute crack cocaine)

On or about June 4, 2013, in the Southern District of Ohio, defendants, **JERMONTE M. FLETCHER,** did knowingly and intentionally unlawfully possess with intent to distribute a mixture or substance containing a detectable of cocaine base, a Schedule II controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2.

6

## COUNT 7
### (Possession with intent to distribute cocaine)

On or about June 4, 2013, in the Southern District of Ohio, defendants, **JERMONTE M. FLETCHER and ALANNA S. POORE,** did knowingly and intentionally unlawfully possess with intent to distribute a mixture or substance containing a detectable of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2.

## COUNT 8
### (Possession of a firearm – drug trafficking)

On or about June 4, 2013, in the Southern District of Ohio, Alanna S. Poore, not named as a defendant in this count, and the defendant, **JERMONTE M. FLETCHER**, did knowingly possess one or more firearms, that is, pistols, in furtherance of a drug trafficking crime, for which he may be prosecuted in a Court of the United States, that is possession with intent to distribute cocaine and conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§841(a)(1) and 846.

In violation of 18 U.S.C. §§924(c)(1)(A) and 18 U.S.C. §2.

## COUNT 9
### (Possession with intent to distribute cocaine)

On or about June 12, 2013, in the Southern District of Ohio, defendant, **BYRON J. TRUSS,** did knowingly and intentionally unlawfully possess with intent to distribute a mixture or substance containing a detectable of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2.

7

## COUNT 10
### (Distribution of crack cocaine)

On or about June 26, 2013, in the Southern District of Ohio, defendant, **JERMONTE M. FLETCHER and LATASHA R. MADISON,** did knowingly and intentionally unlawfully distribute a mixture or substance containing a detectable of cocaine base, a Schedule II controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2.

## COUNT 11
### (Distribution of crack cocaine)

On or about July 17, 2013, in the Southern District of Ohio, defendant, **JERMONTE M. FLETCHER and LATASHA R. MADISON,** did knowingly and intentionally unlawfully distribute a mixture or substance containing a detectable of cocaine base, a Schedule II controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2.

## COUNT 12
### (Distribution of marijuana)

On or about July 24, 2013, in the Southern District of Ohio, defendant, **JERMONTE M. FLETCHER,** did knowingly and intentionally unlawfully distribute a mixture or substance containing a detectable of marijuana, a Schedule I controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(D) and 18 U.S.C. §2.

8

## COUNT 13
### (Distribution of marijuana)

On or about August 20, 2013, in the Southern District of Ohio, defendant, **JERMONTE M. FLETCHER and LATASHA R. MADISON,** did knowingly and intentionally unlawfully distribute a mixture or substance containing a detectable of marijuana, a Schedule I controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(D) and 18 U.S.C. §2.

## COUNT 14
### (Possession with intent to distribute crack cocaine)

On or about October 8, 2013, in the Southern District of Ohio, defendants, **JERMONTE M. FLETCHER, BYRON J. TRUSS, GARY R. MARTIN II and DERRICK A. BROWNING,** did knowingly and intentionally unlawfully possess with intent to distribute 28 grams or more of a mixture or substance containing a detectable of cocaine base, a Schedule II controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B) and 18 U.S.C. §2.

## COUNT 15
### (RICO)

On or about October 10, 2013, in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER, JOEL J. BROWN and GARY R. MARTIN II** did knowingly use a facility in interstate commerce, using a telephone to communicate between the State of Ohio and the State of West Virginia, with the intent to commit a crime of violence, that is, torture and/or assault with intent to cause serious physical harm and/or assault with a

9

deadly weapon against Derrick A. Browning, to further an unlawful activity, that is conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §846.

In violation of 18 U.S.C. §1952 and 18 U.S.C. §2.


## COUNT 16
### (Possession of a firearm – drug trafficking and/or crime of violence)

On or about October 10, 2013, in the Southern District of Ohio and elsewhere, the defendant, **JERMONTE M. FLETCHER, JOEL J. BROWN and GARY R. MARTIN II**, did knowingly possess one or more firearms, that is, pistols, in furtherance of a drug trafficking crime, that is conspiracy to distribute and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §846 in and/or a crime of violence, that is, using a facility in interstate commerce with intent to commit a crime of violence to further an unlawful activity, in violation of 18 U.S.C. §1952, both of which he may be prosecuted in a Court of the United States.

In violation of 18 U.S.C. §924(c)(1)(A) and 18 U.S.C. §2.


## COUNT 17
### (Possession with intent to distribute marijuana)

On or about October 23, 2013, in the Southern District of Ohio, defendants, **JERMONTE M. FLETCHER and ASIA D. WILLIAMS,** did knowingly and intentionally unlawfully possess with intent to distribute a mixture or substance containing a detectable of marijuana, a Schedule I controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(D) and 18 U.S.C. §2.

### COUNT 18
**(Possession of a firearm – drug trafficking)**

On or about October 23, 2013, in the Southern District of Ohio, Asia Williams, not named as a defendant in this count, and the defendant, **JERMONTE M. FLETCHER**, did knowingly possess one or more firearms, that is, a Taurus, 40 cal., pistol, serial #SCS98607, in furtherance of a drug trafficking crime, for which he may be prosecuted in a Court of the United States, that is possession with intent to marijuana and conspiracy to distribute and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§841(a)(1) and 846.

In violation of 18 U.S.C. §924(c)(1)(A) and 18 U.S.C. §2.

### COUNT 19
**(Possession of a firearm – drug trafficking)**

On or about October 23, 2013, in the Southern District of Ohio, the defendants, **JERMONTE M. FLETCHER and LATASHA R. MADISON**, did knowingly possess one or more firearms, that is, a Wather, p-22, pistol, Serial #Z045364, in furtherance of a drug trafficking crime, for which he may be prosecuted in a Court of the United States, that is conspiracy to distribute and possession with intent to a controlled substance, in violation of 21 U.S.C. §846.

In violation of 18 U.S.C. §924(c)(1)(A) and 18 U.S.C. §2.

### COUNT 20
**(Possession with intent to distribute marijuana)**

On or about October 23, 2013, in the Southern District of Ohio, defendants, **JERMONTE M. FLETCHER and ALANNA S. POORE**, did knowingly and intentionally

11

unlawfully possess with intent to distribute a mixture or substance containing a detectable of

marijuana, a Schedule I controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(D) and 18 U.S.C. §2.


## COUNT 21
### (Possession of a firearm – drug trafficking)

On or about October 23, 2013, in the Southern District of Ohio, the defendants,

**JERMONTE M. FLETCHER**, did knowingly possess one or more firearms, that is, a Wather,

p-22, pistol, Serial #L285104, in furtherance of a drug trafficking crime, for which he may be

prosecuted in a Court of the United States, that is possession with intent to marijuana and

conspiracy to distribute and possession with intent to distribute a controlled substance, in

violation of 21 U.S.C. §§841(a)(1) and 846.

In violation of 18 U.S.C. §924(c)(1)(A) and 18 U.S.C. §2.


## COUNT 22
### (Possession with intent to distribute oxycodone)

On or about October 23, 2013, in the Southern District of Ohio, defendants,

**JERMONTE M. FLETCHER and LUTRICIA D. FLETCHER-RIPPY,** did knowingly and

intentionally unlawfully possess with intent to distribute a mixture or substance containing a

detectable of oxycodone, a Schedule II controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2.

## COUNT 23
### (Possession with intent to distribute cocaine)

On or about October 23, 2013, in the Southern District of Ohio, defendant, **MARVIN M.**

**DEAN SPENCER** , did knowingly and intentionally unlawfully possess with intent to distribute

a mixture or substance containing a detectable of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2.

## COUNT 24
### (Use of a telephone / drug trafficking)

On or about September 5, 2013,  (call #522, Target Telephone #1) in the Southern

District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER  and DWAYNE**

**A. STEWART,**  did knowingly and intentionally unlawfully use a communication facility, that

is a telephone, in committing or in causing or facilitating the commission of any act constituting

a felony, that is distribution and possession with intent to distribute cocaine base, in violation of

21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine

base, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.

## COUNT 25
### (Use of a telephone / drug trafficking)

On or about September 5, 2013,  (call #523, Target Telephone #1) in the Southern

District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER  and MARVIN**

**M. DEAN SPENCER,**  did knowingly and intentionally unlawfully use a communication

facility, that is a telephone, in committing or in causing or facilitating the commission of any act

13

constituting a felony, that is distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.


## COUNT 26
### (Use of a telephone / drug trafficking)

On or about September 9, 2013, (call #620, Target Telephone #1) in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and WAYNE C. COFFMAN**, did knowingly and intentionally unlawfully use a communication facility, that is a telephone, in committing or in causing or facilitating the commission of any act constituting a felony, that is distribution and possession with intent to distribute oxycodone, in violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.


## COUNT 27
### (Use of a telephone / drug trafficking)

On or about September 7, 2013, (call #761, Target Telephone #1) in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and JASON N. BARNES**, did knowingly and intentionally unlawfully use a communication facility, that is a telephone, in committing or in causing or facilitating the commission of any act constituting a felony, that is distribution and possession with intent to distribute cocaine, in violation of 21

14

U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.


## COUNT 28
### (Use of a telephone / drug trafficking)

On or about September 10, 2013, (call #1096, Target Telephone #1) in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and ANTONIO M. HARRIS,** did knowingly and intentionally unlawfully use a communication facility, that is a telephone, in committing or in causing or facilitating the commission of any act constituting a felony, that is distribution and possession with intent to distribute oxycodone, in violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute oxycodone,, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.


## COUNT 29
### (Use of a telephone / drug trafficking)

On or about September 10, 2013, (call #1098, Target Telephone #1) in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and TIMOTHY M. GREEN,** did knowingly and intentionally unlawfully use a communication facility, that is a telephone, in committing or in causing or facilitating the commission of any act constituting a felony, that is distribution and possession with intent to distribute oxycodone, in violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute oxycodone,, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.

## COUNT 30
### (Use of a telephone / drug trafficking)

On or about September 19, 2013,  (call #2083, Target Telephone #1) in the Southern

District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER  and FREDDIE**

**K. JOHNSON, JR.,**  did knowingly and intentionally unlawfully use a communication facility,

that is a telephone, in committing or in causing or facilitating the commission of any act

constituting a felony, that is distribution and possession with intent to distribute cocaine base, in

violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to

distribute cocaine base, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.


## COUNT 31
### (Use of a telephone / drug trafficking)

On or about September 24, 2013,  (call #2689, Target Telephone #1) in the Southern

District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER  and ASIA D.**

**WILLIAMS,**  did knowingly and intentionally unlawfully use a communication facility, that is a

telephone, in committing or in causing or facilitating the commission of any act constituting a

felony, that is distribution and possession with intent to distribute marijuana, in violation of 21

U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute marijuana, in

violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.

16

## COUNT 32
### (Use of a telephone / drug trafficking)

On or about September 25, 2013, (call #2762, Target Telephone #1) in the Southern

District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and CHINA**

**M. HESTER,** did knowingly and intentionally unlawfully use a communication facility, that is

a telephone, in committing or in causing or facilitating the commission of any act constituting a

felony, that is distribution and possession with intent to distribute cocaine base, in violation of 21

U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine base,

in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.

## COUNT 33
### (Use of a telephone / drug trafficking)

On or about September 25, 2013, (call #2764, Target Telephone #1) in the Southern

District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and WAYNE**

**C. HAMLER,** did knowingly and intentionally unlawfully use a communication facility, that is

a telephone, in committing or in causing or facilitating the commission of any act constituting a

felony, that is distribution and possession with intent to distribute cocaine base, in violation of 21

U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine base,

in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.

## COUNT 34
### (Use of a telephone / drug trafficking)

On or about October 8, 2013, (call #3567, Target Telephone #1) in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and JOEL J. BROWN,** did knowingly and intentionally unlawfully use a communication facility, that is a telephone, in committing or in causing or facilitating the commission of any act constituting a felony, that is distribution and possession with intent to distribute oxycodone, in violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute oxycodone,, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.

## COUNT 35
### (Use of a telephone / drug trafficking)

On or about October 9, 2013, (call #3593, Target Telephone #1) in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and GARY R. MARTIN II,** did knowingly and intentionally unlawfully use a communication facility, that is a telephone, in committing or in causing or facilitating the commission of any act constituting a felony, that is distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.

18

## COUNT 36
### (Use of a telephone / drug trafficking)

On or about October 9, 2013, (call #3680, Target Telephone #1) in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and LISA B. MARTIN,** did knowingly and intentionally unlawfully use a communication facility, that is a telephone, in committing or in causing or facilitating the commission of any act constituting a felony, that is distribution and possession with intent to distribute cocaine base and oxycodone, in violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine base and oxycodone, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.

## COUNT 37
### (Use of a telephone / drug trafficking)

On or about October 13, 2013, (call #3680, Target Telephone #3) in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and BYRON L. BANKS, Jr.,** did knowingly and intentionally unlawfully use a communication facility, that is a telephone, in committing or in causing or facilitating the commission of any act constituting a felony, that is distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.

## COUNT 38
### (Use of a telephone / drug trafficking)

On or about October 13, 2013, (call #290, Target Telephone #3) in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and LATASHA R. MADISON ,** did knowingly and intentionally unlawfully use a communication facility, that is a telephone, in committing or in causing or facilitating the commission of any act constituting a felony, that is distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.


## COUNT 39
### (Use of a telephone / drug trafficking)

On or about October 16, 2013, (call #433, Target Telephone #3) in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and BYRON J. TRUSS ,** did knowingly and intentionally unlawfully use a communication facility, that is a telephone, in committing or in causing or facilitating the commission of any act constituting a felony, that is distribution and possession with intent to distribute oxycodone, in violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.

## COUNT 40
### (Use of a telephone / drug trafficking)

On or about October 16, 2013, (call #490, Target Telephone #3) in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and LUTRICIA D. FLETCHER-RIPPY,** did knowingly and intentionally unlawfully use a communication facility, that is a telephone, in committing or in causing or facilitating the commission of any act constituting a felony, that is distribution and possession with intent to distribute oxycodone, in violation of 21 U.S.C. §841(a)(1), and conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §846.

In violation of 21 U.S.C. §843(b) and 18 U.S.C. §2.

## COUNT 41
### (Conspiracy to Commit Money Laundering -1956)

Beginning on or about January 1, 2011, continuing through and including October 23, 2013, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendants, **JERMONTE M. FLETCHER and LUTRICIA D. FLETCHER-RIPPY**, did knowingly and intentionally unlawfully combine, conspire, confederate and agree with each other and with others, both known and unknown to the Grand Jury, to knowingly and willfully conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §846, knowing these financial transactions were designed in whole or in part to conceal or disguise the nature, the source or the ownership of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct said financial transactions, the defendant, **JERMONTE M. FLETCHER and LUTRICIA D. FLETCHER-RIPPY**, knew that the property, that is,

currency involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §1956(a)(1)(B)(i).

In violation of 18 U.S.C. §1956(h).

## COUNT 42
### (Money Laundering -1957)

On or about October 22, 2012, in the Southern District of Ohio, the defendant, **JERMONTE M. FLETCHER ,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $22,000.00 in casino chips for $22,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 43
### (Money Laundering -1957)

On or about October 24, 2012, in the Southern District of Ohio, the defendant, **JERMONTE M. FLETCHER ,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $34,100.00 in casino chips for $34,100.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

### COUNT 44
**(Money Laundering -1957)**

On or about October 28, 2012, in the Southern District of Ohio, the defendant,

**JERMONTE M. FLETCHER ,** did knowing engage and attempt to engage in a monetary

transaction, by, and through, or to a financial institution, affecting interstate or foreign

commerce, in criminally derived property of a value greater than $10,000.00, that is, the

exchange of $15,000.00 in casino chips for $15,000.00 in U.S. currency at Hollywood Casino,

Columbus, Ohio, such property having been derived from a specified unlawful activity, that is

distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.


### COUNT 45
**(Money Laundering -1957)**

On or about October 30, 2012, in the Southern District of Ohio, the defendant,

**JERMONTE M. FLETCHER ,** did knowing engage and attempt to engage in a monetary

transaction, by, and through, or to a financial institution, affecting interstate or foreign

commerce, in criminally derived property of a value greater than $10,000.00, that is, the

exchange of $11,000.00 in casino chips for $11,000.00 in U.S. currency at Hollywood Casino,

Columbus, Ohio, such property having been derived from a specified unlawful activity, that is

distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

### COUNT 46
**(Money Laundering -1957)**

On or about October 31, 2012, in the Southern District of Ohio, the defendant,

**JERMONTE M. FLETCHER ,** did knowing engage and attempt to engage in a monetary

23

transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $33,000.00 in casino chips for $33,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

     In violation of 18 U.S.C. §1957.

## COUNT 47
### (Money Laundering -1957)

     On or about October 31, 2012, in the Southern District of Ohio, the defendant, **JERMONTE M. FLETCHER,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $14,000.00 in U.S. currency for $14,000.00 in casino chips at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

     In violation of 18 U.S.C. §1957.

## COUNT 48
### (Money Laundering -1957)

     On or about November 1, 2012, in the Southern District of Ohio, the defendant, **JERMONTE M. FLETCHER,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the

24

exchange of $22,000.00 in U.S. currency for $22,000.00 in casino chips at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

### COUNT 49
### (Money Laundering -1957)

On or about November 1, 2012, in the Southern District of Ohio, the defendant, **JERMONTE M. FLETCHER,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $50,000.00 in U.S. currency for $50,000.00 in casino chips at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

### COUNT 50
### (Money Laundering -1957)

On or about November 3, 2012, in the Southern District of Ohio, the defendant, **JERMONTE M. FLETCHER,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $16,600.00 in U.S. currency for $16,600.00 in casino chips at Hollywood Casino,

Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 51
### (Money Laundering -1957)

On or about November 7, 2012, in the Southern District of Ohio, the defendant, **JERMONTE M. FLETCHER,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $14,000.00 in U.S. currency for $14,000.00 in casino chips at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 52
### (Money Laundering -1957)

On or about April 14, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $11,450.00 in casino chips for $11,450.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 53
### (Money Laundering -1957)

On or about April 18, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $12,000.00 in casino chips for $12,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 54
### (Money Laundering -1957)

On or about June 3, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $16,600.00 in casino chips for $16,600.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 55
### (Money Laundering -1957)

On or about June 5, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $12,650.00 in casino chips for $12,650.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 56
### (Money Laundering -1957)

On or about June 7, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $21,600.00 in casino chips for $21,600.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 57
**(Money Laundering -1957)**

On or about June 9, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $16,000.00 in casino chips for $16,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 58
**(Money Laundering -1957)**

On or about June 17, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $20,000.00 in casino chips for $20,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 59
### (Money Laundering -1957)

On or about June 17, 2013, in the Southern District of Ohio, the defendant, **BYRON J.**

**TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through,

or to a financial institution, affecting interstate or foreign commerce, in criminally derived

property of a value greater than $10,000.00, that is, the exchange of $30,000.00 in casino chips

for $30,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having

been derived from a specified unlawful activity, that is distribution of a controlled substance, in

violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.


## COUNT 60
### (Money Laundering -1957)

On or about June 12, 2013, in the Southern District of Ohio, the defendant, **BYRON J.**

**TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through,

or to a financial institution, affecting interstate or foreign commerce, in criminally derived

property of a value greater than $10,000.00, that is, the exchange of $28,000.00 in casino chips

for $28,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having

been derived from a specified unlawful activity, that is distribution of a controlled substance, in

violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

### COUNT 61
### (Money Laundering -1957)

On or about June 18, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $13,000.00 in casino chips for $13,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

### COUNT 62
### (Money Laundering -1957)

On or about June 19, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $22,000.00 in casino chips for $22,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 63
### (Money Laundering -1957)

On or about June 19, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $14,065.00 in casino chips for $14,065.00 00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.


## COUNT 64
### (Money Laundering -1957)

On or about June 20, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $18,600.00 in casino chips for $18,600.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 65
**(Money Laundering -1957)**

On or about June 21, 2013, in the Southern District of Ohio, the defendant, **BYRON J.**

**TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through,

or to a financial institution, affecting interstate or foreign commerce, in criminally derived

property of a value greater than $10,000.00, that is, the exchange of $13,100.00 in casino chips

for $13,100.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having

been derived from a specified unlawful activity, that is distribution of a controlled substance, in

violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 66
**(Money Laundering -1957)**

On or about June 27, 2013, in the Southern District of Ohio, the defendant, **BYRON J.**

**TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through,

or to a financial institution, affecting interstate or foreign commerce, in criminally derived

property of a value greater than $10,000.00, that is, the exchange of $23,100.00 in casino chips

for $23,100.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having

been derived from a specified unlawful activity, that is distribution of a controlled substance, in

violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 67
### (Money Laundering -1957)

On or about July 2, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $20,000.00 in casino chips for $20,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.


## COUNT 68
### (Money Laundering -1957)

On or about July 2, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $20,000.00 in casino chips for $20,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

34

## COUNT 69
### (Money Laundering -1957)

On or about July 2, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $20,000.00 in casino chips for $20,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.


## COUNT 70
### (Money Laundering -1957)

On or about July 4, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $14,900.00 in casino chips for $14,900.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 71
### (Money Laundering -1957)

On or about July 4, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $55,450.00 in casino chips for $55,450.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.


## COUNT 72
### (Money Laundering -1957)

On or about July 5, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $58,500.00 in casino chips for $58,500.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 73
### (Money Laundering -1957)

On or about July 6, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $21,015.00 in casino chips for $21,015.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 74
### (Money Laundering -1957)

On or about July 7, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $33,400.00 in casino chips for $33,400.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 75
### (Money Laundering -1957)

On or about July 10, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $52,000.00 in casino chips for $52,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §§1957 and 2.


## COUNT 76
### (Money Laundering -1957)

On or about July 10, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $25,100.00 in casino chips for $25,100.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## COUNT 77
### (Money Laundering -1957)

On or about August 7, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $22,560.00 in casino chips for $22,560.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §§1957 and 2.


## COUNT 78
### (Money Laundering -1957)

On or about August 9, 2013, in the Southern District of Ohio, the defendant, **BYRON J. TRUSS,** did knowing engage and attempt to engage in a monetary transaction, by, and through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the exchange of $13,000.00 in casino chips for $13,000.00 in U.S. currency at Hollywood Casino, Columbus, Ohio, such property having been derived from a specified unlawful activity, that is distribution of a controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §1957.

## FORFEITURE A

1.  The allegations of Count 1, 5-8, 10-22, 24-51 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of 18 U.S.C. §924(d)(1).

2.  Upon conviction of any of the offenses in sections 18 U.S.C. §924 or 18 U.S.C. §922 of the Indictment, the defendants, **JERMONTE M. FLETCHER and LATASHA R. MADISON,** shall forfeit to the United States all firearms and ammunition involved in the aforestated offenses, including but not limited to:

> (a) a Wather, p-22, pistol, Serial #Z045364;
>
> (b) a Wather, p-22, pistol, Serial #L285104;
>
> (c) a Taurus, 40 cal., pistol, serial #SCS98607, and
>
> (d) all associated magazines and ammunition.

> In violation of 18 U.S.C. §924(d)(1).

40

## FORFEITURE B

1. The allegations of Counts 1, 5-8, 10-22, 24-51 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to 21 U.S.C. §853.

2. Upon conviction of an offense in violation of 21 U.S.C. §841 or §846, the defendants, **JERMONTE M. FLETCHER and ALANNA S. POORE**, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to the following jewelry seized from 6610 Mountain Ashe Dr., Columbus Ohio on October 23, 2013:

(a) a necklace with 30 inch chain with circles, silver in color, with the 3 1/3 inch silver cross containing blue and clear stones;

(b) a necklace with 36 inch chain, silver in color, with the 3 1/3 inch silver cross containing blue and clear stones;

(c) a bracelet with large squares, silver in color;

(d) a man's ring with square top and slanted sides containing clear stones, and

(e) a bracelet, silver in color, with numerous rows of stones five across.

In violation of 21 U.S.C. §§853(a)(1) and (a)(2).

## FORFEITURE C

1. The allegations of Counts 1-4, 9, 14, 39, 52-78 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to 21 U.S.C. §853.

2. Upon conviction of an offense in violation of 21 U.S.C. §841 or §846, the defendant, **BYRON J. TRUSS**, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to $11,052.00 in U.S. currency seized from the defendant on May 23, 2013 and $3,900.00 in U.S. currency seized from the defendant on June 12, 2013

In violation of 21 U.S.C. §§853(a)(1) and (a)(2).


A True Bill


s/Foreperson
GRAND JURY FOREPERSON


CARTER M. STEWART
United States Attorney

ROBERT C. BRICHLER
OCDEFT Chief


42